**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAHSAAN COLEMAN,

    Petitioner,

vs.

JOE McGRATH, Warden,

    Respondent.
                               /

No. C 04-4069 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case filed pro se by a state prisoner. Before the court for ruling is respondent's opposed motion to dismiss the petition as mixed.

**DISCUSSION**

Respondent contends that petitioner has not exhausted issues five, six and seven, making this a mixed petition.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

If a habeas petition is mixed -- combines exhausted and unexhausted claims -- *Rose v. Lundy,* 455 U.S. 509, 522 (1982), requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir.

1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner claims that: (1) His due process rights were violated by the trial court's refusal to give a proposed instruction that a killing may be justifiable homicide even if the defendant feels other emotions in addition to fear; (2) His due process rights were violated by the trial court's refusal to give a proposed instruction that a killing may be justifiable homicide even if the defendant fails to use due caution as to the amount of force; (3) his counsel was ineffective in failing to present evidence that he was unconscious when he shot the victim, having suffered a concussion; (4) his due process rights were violated by the trial court's failure to grant his motion for new trial on grounds he had newly discovered that he was suffering from post-traumatic stress disorder at the time of the murder, or, alternatively, his counsel was ineffective in failing to raise this defense at trial; (5) his sentence was cruel and unusual; (6) his double jeopardy rights were violated by his being sentenced on both offenses, when they were inseparable; (7) his double jeopardy rights were violated by enhancement of the sentence for use of a firearm; and (8) the judges in his case failed to sign, record and file their oaths of office, so their exercise of jurisdiction over him violated due process.

Petitioner filed a direct appeal from his conviction. His appeal presented issues factually similar to those argued here in his issues five, six and seven, but he did not allege that the state law violations argued on appeal also constituted a violation of his constitutional rights. Petitioner's state habeas petitions, which are attached to the motion to dismiss, did not remedy this deficiency. Petitioner's argument in opposition is that he

presented the facts of these claims to the state courts on direct appeal, so the claims are exhausted. The decisive issue thus is whether presentation of the facts of a claim to the state courts, without mentioning a federal legal basis for the claim, is sufficient to "fairly present" the federal claim.

The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996). A claim is "fairly presented" only if the petitioner either referred to specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *Picard v. Connor*, 404 U.S. 270, 277 (1971). State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see, e.g., Dye v. Hofbauer*, 126 S. Ct. 5, 7 (2005) (federal due process claim based on prosecutorial misconduct was fairly presented where the text of the brief cited the 5th and 14th Amendments and federal cases concerning alleged violation of federal due process rights in the context of prosecutorial misconduct – the "brief was clear that the prosecutorial misconduct claim was based, at least in part, on a federal right"). *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (characterizing Picard as requiring "reference to a specific federal constitutional guarantee" in state court; presentation of facts underlying claim not sufficient). A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Since petitioner did not specify the federal basis for claims five, six and seven in state court, as the above authorities clearly show is required, he has not exhausted them.

3

The petition therefore is mixed.  The motion to dismiss will be granted, with petitioner permitted to choose how he wishes to proceed, as outlined below.

## CONCLUSION

1. Respondent's motion for an extension of time to move or answer (document number 4 on the docket) is **GRANTED**.  The motion to dismiss is deemed timely.

2. Respondent's motion to dismiss (document number 7) is **GRANTED**.

3. Petitioner may chose from three possible courses of action:  (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[1] (2) he may amend the petition to dismiss the unexhausted issue, and proceed with those which are exhausted;[2] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the plea bargain issue, then, if unsuccessful in state court, return here and ask that the stay be lifted.  If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics."  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

3. Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered.  If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: February 27, 2007.

                PHYLLIS J. HAMILTON
                United States District Judge

G:\PRO-SE\PJH\HC.04\COLEMAN069.MDSM

---

[1] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[2] If he chooses this option he probably will not be able to file a future federal petition containing the three unexhausted issues, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

4