**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAHSAAN COLEMAN,

               Petitioner,

  vs.

JOE McGRATH, Warden,

               Respondent.
_____/

No. C 04-4069 PJH (PR)

**ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas case filed pro se by a state prisoner. The court granted respondent's motion to dismiss the petition as mixed and dismissed with leave for petitioner to chose from three possible courses of action: (1) dismiss the petition; (2) amend the petition to delete the unexhausted issues; or (3) ask for a stay. In response he has filed a motion for a stay, which respondent has opposed.

**DISCUSSION**

The Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), held that a district court may stay a mixed habeas case to allow exhaustion in state court. *Id.* at 277-78. *Rhines* requires that stays be granted only if the movant shows good cause for his or her delay in exhausting the issues and that the issues are "potentially meritorious." *Id.* at 277. The petitioner also must not have engaged in "abusive litigation tactics or intentional delay," though the Court recognized that this requirement would usually be relevant only in capital cases, where the petitioner, unlike those sentenced to a term of years such as petitioner here, presumably wants to delay review. *Id.* at 278. Respondent contends that petitioner has not met the "good cause" requirement of *Rhines*.

///

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    Although neither the Ninth Circuit nor the Supreme Court has defined "good cause,"

2    the Ninth Circuit has held that good cause is not the same as extraordinary circumstances.

3    *Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005).  Beyond that, the courts which have

4    considered the question are divided as to whether it is the same as the very difficult "cause"

5    standard for relief from a procedural default, or is less demanding.  *See Lawrence v.*

6    *Schirro*, 2007 WL 433554 at *4 (D. Ariz. Feb. 6, 2007); *Steele v. Ornoski*, 2006 WL

7    2844123 at *8 (E.D. Cal. Sept. 29, 2006) (citing cases).  There is a strong hint what the

8    standard should be, however: in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), which was

9    post-*Rhines*, the Court suggested that prisoners who are "reasonably confused" about

10   whether a state filing would be timely, and thus fear having the federal statute of limitations

11   expire while they are exhausting their state remedies, may avoid this predicament "by filing

12   a 'protective' petition in federal court and asking the federal court to stay and abey the

13   federal habeas proceedings until state remedies are exhausted."  *Id.* at 416-17.  That is,

14   reasonable confusion usually would be good cause.  *See Pace*, 544 U.S. at 416-17.

15   In this case petitioner contends that he failed to exhaust because (1) he knew no

16   law, thus was ignorant of the requirement that in state court he label federal constitutional

17   issues as such, in addition to presenting the facts underlying the claim; and (2) he was

18   misled by a letter from his attorney.

19   As to the first contention, respondent asserts that if this were good cause for failure

20   to exhaust, there would virtually always be good cause, making the good cause

21   requirement meaningless.  This argument has some force, but given that pro se state

22   habeas petitioners must attempt to deal with highly technical requirements, sometimes with

23   little education and usually without much access to legal materials, that petitioner lacked

24   legal knowledge and was pro se in state court is entitled to some weight in determining

25   whether there was good cause.

26   In his second contention petitioner alleges that he understood his appellate attorney

27   to have told him that he could go to federal court with any of the arguments from his state

28   appeal.  This was wrong, as it happens; the copy of counsel's letter that petitioner attaches

2

1   as an exhibit shows that counsel actually wrote:  "You may present any of the arguments

2   from the appeal briefs, insofar as those arguments are based on your rights under the

3   United States Constitution."  Respondent contends that this was clear, but to a pro se

4   prisoner without knowledge of the law, it may be that "insofar" was incomprehensible or

5   thought to mean the same as "inasmuch."  Petitioner's having attached the letter to support

6   his contention certainly suggests that even now he does not realize what it really means.

7   On balance, the court concludes that petitioner has shown good cause.

8       The three unexhausted issues were petitioner's claims that his sentence was cruel

9   and unusual, that his double jeopardy rights were violated by his being sentenced on two

10  offenses which were part of the same series of events, and that his double jeopardy rights

11  were violated by enhancement of the sentence for use of a firearm.  The issues are federal

12  and thus potentially meritorious, there is no reason to think he is asking for the stay for

13  purposes of delay, and he has shown good cause; the stay will be granted.

**CONCLUSION**

15      Petitioner's motion for stay (document number 10 on the docket) is **GRANTED**.  This

16  case is **STAYED** to allow petitioner to present his unexhausted issues in state court,

17  presumably by way of state petitions for habeas corpus.  If petitioner is not granted relief in

18  state court, he may return to this court and ask that the stay be lifted.

19      The stay is subject to the following conditions:

20      (1) petitioner must institute state court habeas proceedings within thirty days of this

21  order; and

22      (2) petitioner must notify this court within thirty days after the state courts have

23  completed their review of his claims or after they have refused review of his claims.

24      If either condition of the stay is not satisfied, this court may vacate the stay and act

25  on this petition.  *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness

26  concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and

27  back.").

28  ///

**United States District Court**
For the Northern District of California

3

1  The clerk shall administratively close this case.  The closure has no legal effect; it is

2  purely a statistical matter.  The case will be reopened and the stay vacated upon

3  notification by petitioner in accordance with section two above.

4

5  **IT IS SO ORDERED.**

6

7  Dated: June 25, 2007

8  PHYLLIS J. HAMILTON
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  G:\PRO-SE\PJH\HC.04\COLEMAN069.STAY

**United States District Court**
For the Northern District of California

4