UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAHSAAN COLEMAN,

    Petitioner,

vs.

JOE McGRATH, Warden,

    Respondent.
    /

No. C 04-4069 PJH (PR)

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION FOR LEAVE TO AMEND**

    This is a habeas case filed pro se by a state prisoner. The court granted respondent's motion to dismiss the petition as mixed and dismissed with leave for petitioner to chose from three possible courses of action. He chose to ask for a stay to allow him to return to state court to exhaust the unexhausted issues, which was granted. Upon being informed that petitioner had exhausted, the case was reopened and a new order to show cause was issued. Respondent has answered the order to show cause with another motion to dismiss as mixed, saying that petitioner impliedly amended his petition in the motion to reopen by his references to *Cunningham v. California*, 127 S. Ct. 856, 871 (2007), and that the *Cunningham* claim was not exhausted. The court had not referred to the *Cunningham* claims in its order to reopen or given leave to amend.

    In response, petitioner says that he did not intend to amend his petition by the references to *Cunningham*. In view of this, the motion to dismiss as mixed (document number 17 on the docket) is **DENIED**.

    Petitioner did, however, file a motion for leave to amend subsequent to the respondent's motion to dismiss. The motion is almost impenetrable. After much needless discussion of law, petitioner says that the issues he wishes to add are to be found in

1  "Exhibit C." Attached to the motion to amend are two appendices; one is a "postcard
2  denial" of a state habeas petition, case number S161111. The second is labeled "Appendix
3  2[;] Petition for Writ of Habeas Corpus - # S161111." Following that cover page, however,
4  is a handwritten habeas petition, not on a form, carrying the caption of this case, not the
5  state case. This "petition" again refers to "Exhibit C," presumably the same exhibit C as is
6  referred to in the motion to amend, as setting out petitioner's issues. It nevertheless
7  contains thirty-three pages of argument about the application of the *Apprendi, Blakely,*
8  *Cunningham* line of cases to petitioner's sentencing. It does not include petitioner's prior
9  issues in this case.

10  Exhibit C is petitioner's state habeas petition in case number S161111. The first
11  ground for relief there is "[p]etitoner was deprived [of] his Sixth Amendment rights to
12  effective assistance of counsel; and petitioner's priors are constitutionally invalid. (Please
13  refer to attach[ed] pro se habeas corpus petition at pp. (3)) and (69) et. seq.) [capitalization
14  corrected]." His second issue is a *Cunningham* claim. Attached to the state form is a
15  lengthy hand-written petition. The reproduction is so poor that some of it is illegible, and
16  the page numbers have all been cut off in copying, so it is not possible to use this
17  attachment to flesh out issue one, which otherwise is too conclusory to state a claim for
18  relief. That is, from the statement of issue one in the form part of the state petition alone it
19  is not possible to determine what petitioner contends counsel did that was ineffective, nor is
20  it possible to determine why he thinks his prior convictions were constitutionally invalid.

21  Petitioner's attempt to amend is unmanageable. Not only is it difficult to tell what
22  issues he intends to raise, if the amended petition were allowed it would have the effect of
23  eliminating all his previous issues, because an amended petition completely replaces the
24  original one. The motion for leave to amend (document number 20) is **DENIED**.

25  Because it appears that petitioner wishes to amend to add at least a *Cunningham*
26  issue, and perhaps others, further action on the petition will be withheld for thirty days to
27  allow him to file a new motion for leave to amend. If he does so, he should bear in mind
28  that he must provide the proposed amended petition with the motion for leave. The

proposed petition must be on the court's form for section 2254 petitions and must carry the caption for this case, the case number, and the words "proposed amended petition." It must include all the issues petitioner wishes to present; any not included will be deemed abandoned. The petition may not incorporate other documents by reference. If petitioner wishes to present argument, he may do so in a separate memorandum, but the petition itself must contain a succinct list of issues and the facts underlying each. If a motion for leave to amend is filed the opposition is due within fourteen days of service of the motion on respondent, and if petitioner wishes to file a reply he shall do so within seven days of service of the opposition. After expiration of time to file a reply, the court will review any motion to amend that has been filed and will enter a scheduling order.

**IT IS SO ORDERED.**

Dated: March 16, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.04\COLEMAN069.MDSMSS.wpd